**Surinder SINGH, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 05–6287–ag.

United States Court of Appeals,
Second Circuit.

Jan. 26, 2007.

Hector Roman, New York, New York, for Petitioner.

Robert Clark Corrente, United States Attorney for the District of Rhode Island, Peter F. Neronha, Assistant United States Attorney, Providence, Rhode Island, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. B.D. PARKER, and Hon. PETER W. HALL, Circuit Judges.

**SUMMARY ORDER**

Surinder Singh, a native and citizen of India, seeks review of an October 28, 2005 order of the BIA summarily affirming immigration judge ("IJ") Paul DeFonzo's September 13, 2004 decision denying Singh's applications for asylum and withholding of deportation. *In re Surinder Singh,* No. A72 464 800 (B.I.A. Oct. 28, 2005), *aff'g* A72 464 800 (Immig. Ct. N.Y. City Sept. 13, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,*

**44**

411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 401 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004).

The IJ was reasonable in relying on various unexplained discrepancies within and between Singh's hearing testimony and submitted documentary evidence in finding him not credible. *See Secaida–Rosales v. INS,* 331 F.3d 297, 308–09 (2d Cir.2003); *Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005). The IJ also reasonably determined that material aspects of Singh's claim were inherently implausible. *See Ming Xia Chen v. BIA,* 435 F.3d 141, 146 (2d Cir.2006).

The agency's adverse credibility determination is thus supported by substantial evidence in the record. The agency's denial of asylum was therefore appropriate. Because the only evidence of a threat to Singh's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on the claim for withholding of removal. *See Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).